SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.

---

[No. 2584.  Decided July 17, 1897.]

JOHN B. DU CLOS, *Appellant,* v. J. W. BATCHELLER *et al.,* *Respondents.*

ACTION ON PROMISSORY NOTES — DEFENSES — PLEADING — INSTRUCTIONS — WEIGHT OF EVIDENCE — INTERROGATORIES.

In an action upon promissory notes, the answer states a defense when it alleges that the notes were procured by fraud, setting up in substance that plaintiff had for a number of years claimed to be a spiritualistic medium and have supernatural

power; that by reason of his acts and representations he had obtained an undue influence over defendants who belonged to the denomination of spiritualists, and that he induced them to believe that there were certain spirits which demanded that they execute the note in question for the purposes of a materialization; that the notes were never understood to be executed for the plaintiff's benefit in any way, but simply for the purpose of accomplishing the spiritualistic object represented by plaintiff; and that all of said representations were false and fraudulent; and testimony tending to support such defense is admissible in evidence.

Where interrogatories are directed to the discovery of facts material to the defense, a motion to strike them is properly denied, under the authority of Code Proc., § 1661.

Error, if any, in striking interrogatories propounded by plaintiff, is not prejudicial, where all of them are covered by statements in defendant's answer verified by him personally, and defendant was also a witness at the trial.

In an action upon promissory notes to which is pleaded the defenses of want of consideration and fraud in their procurement, an instruction is not prejudicial which charges that " unless the defendant has established by a preponderance of the evidence that the notes were given without consideration, or that the consideration has failed in whole or in part," the jury should allow plaintiff the full amount of his notes, when there is evidence tending to show that plaintiff had represented that the execution of the notes was demanded by a certain spirit for its purpose in the matter of effecting a materialization and that such materialization had never come to pass.

Where the evidence is contradictory, the supreme court will not interfere with the verdict of the jury, however the weight of the testimony may appear to the court.

Appeal from Superior Court, Thurston County.—Hon. T. M. REED, JR., Judge. Affirmed.

*N. S. Porter*, for appellant.
*John C. Kleber*, for respondents.

The opinion of the court was delivered by

Scott, C. J.—The plaintiff brought this action to recover the amount due on three promissory notes, dated June 6, 1894, executed by defendant J. W. Batcheller

and his wife, since deceased, to the plaintiff, aggregating the sum of $1,000, maturing at different times but all of them within one year from date. The defendants filed separate answers which were, however, substantially alike, both alleging a want of consideration for the execution of such notes and also that they were obtained by reason of certain fraudulent misrepresentations of the plaintiff. The verdict and judgment being for the defendants, the plaintiff has appealed.

The first error alleged is the refusal of the court to grant the plaintiff's motion to strike the second paragraphs of the answers containing the allegations of fraud as to the procurement of the notes, the substance of which was that the plaintiff for a number of years had claimed to be a spiritualistic medium and have supernatural power; that by reason of his acts and representations he had obtained an undue influence over the defendants who belonged to that denomination, and that he induced them to believe there were certain spirits which demanded that they execute the notes in question for the purpose of what he called a materialization; that the notes were never understood to be executed for the plaintiff's benefit in any way, but simply for the purpose of accomplishing the spiritualistic object referred to; that all of said representations were false and fraudulent; that plaintiff was an impostor, etc. The motion was directed to the whole of this paragraph. Conceding that it was redundant and that certain parts of it would have been obnoxious to a motion to strike, the paragraph stated a defense and the motion was properly denied.

The next error complained of was the denying of the motion to strike the defendants' interrogatories, for the reason that they were not such as were contemplated under § 1661, vol. 2 of the Code. These interrogatories were

five in number and were directed to the discovery of facts material to the defense. The motion was rightly denied.

Plaintiff filed two sets of interrogatories, one for the defendant J. W. Batcheller to answer, and the other for the defendant J. M. Batcheller, as administrator. The court granted a motion to strike the interrogatories submitted as to J. W. Batcheller. These were sixteen in number and it is unnecessary to set them out in detail. Some of them were immaterial, and all of them were covered by statements in the answer of said defendant which was verified by him personally. The said defendant was also a witness upon the trial, and it is apparent that no harm resulted to the plaintiff in consequence of the striking of said questions, and there was, therefore, no reversible error committed, conceding that some of the questions were competent ones under the statute.

The next error complained of was in permitting the defendant J. W. Batcheller to testify to transactions between himself and the plaintiff for a period of some eighteen years previous to signing the notes in suit. The objection is not specially indicated in the brief and we find but one in the record, which is as follows: "We object to any evidence being given in this case with reference to the matter alleged in the answer of the defendants as to the reason for the signing of these notes as being no defense whatever," and was simply a presentation in a different form of the question raised upon the motion to strike the second defense pleaded in the answer, and was properly overruled.

Error is also alleged upon the overruling of an objection to the admission of certain letters written by the plaintiff to defendants; but these were a part of their dealings and were relevant.

The next errors alleged are with reference to the instructions given. By the record it appears that only the second

and third instructions were excepted to. The first one was immaterial and could have resulted in no possible harm, being a statement with reference to the conduct of the trial as to the voluminous evidence admitted, but contained no intimation whatever of the court's opinion thereon. The third instruction was in the main in the plaintiff's favor, being to the effect that the notes were *prima facie* evidence of an honest indebtedness. The part specially objected to was contained in the following clause: "And unless the defendant has established by a preponderance of the evidence that the notes were given without consideration or that the consideration has failed in whole or in part," etc., that the jury should allow the plaintiff the full amount of his notes. The part criticised is the statement with reference to the failure of the consideration, the plaintiff contending that there was no evidence tending to show a failure. It was evidently intended to cover the feature of the case disclosed by the evidence to the effect that the plaintiff had represented that the execution of the notes was demanded by a certain spirit for its purposes in the matter of effecting a materialization, whatever it might be, and that such materialization had never come to pass. Whether relevant or not, we are clearly of the opinion that it could have resulted in no harm.

The next error alleged is the assertion that there was no evidence to support the defense, but this is untenable also. It is unnecessary to go into the evidence in detail. It showed in substance that the plaintiff had made his home at the defendants' house for a good many years prior to the execution of the notes, and had obtained a great influence over them; that they had worked in common in the matter of spiritualism, holding almost nightly communications with the spirits, as is claimed by them. . Also, that while the plaintiff had worked for the defendants in clearing up

lands, they being farmers, and attending to an orchard, etc., he was not working for wages but simply made his home with them and worked as a member of the family, not continuously but only when he felt inclined to do so; and there was testimony also to show that various sums of money had been given to him at different times by the defendants when he asked for it, aggregating several hundreds of dollars. There was a square contradiction between the testimony of the defendant J. W. Batcheller and that of the plaintiff with reference to there being any understanding that he was to have pay for his work, and also with reference to the moneys paid him as aforesaid, as well as to the circumstances attending the giving of the notes, and if the jury believed the defendant there was a good defense established with which we could not interfere, however the weight of the testimony might appear to us.

The only other points alleged relate to propositions of law which are conceded but were covered by the instructions, or as to other matters that have been sufficiently disposed of in what has been said.

Finding no error in the record, the judgment is affirmed.

DUNBAR, GORDON, ANDERS and REAVIS, JJ., concur.